12-3784-cr
United States v. Boruch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of December, two thousand thirteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

v.                                                      No. 12-3784-cr

ILYA BORUCH,
                    *Defendant-Appellant*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:      MICHAEL P. JOSEPH (Ronald E. Kliegerman, *on the brief*) Kliegerman & Joseph, LLP, New York, New York.

APPEARING FOR APPELLEE:       LEE RENZIN (Thomas G.A. Brown, Justin S. Weddle, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 7, 2012, is AFFIRMED**.**

Defendant Ilya Boruch stands convicted following a jury trial of conspiracy to defraud the United States. See 18 U.S.C. § 371. On appeal, Boruch contests the sufficiency of the evidence supporting his conviction and maintains that the government failed to establish that venue in the Southern District of New York was proper. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Sufficiency of the Evidence

We review Boruch's sufficiency challenge de novo and will affirm his conviction if "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); accord United States v. Jones, 531 F.3d 163, 168 (2d Cir. 2008). To prove a § 371 conspiracy, the government was required to show that the defendant (1) entered into an agreement with at least one other person (2) to obstruct a lawful government function (3) by deceitful or dishonest means, and (4) at least one conspirator committed an overt act in furtherance of the agreement. See United States v. Stewart, 590 F.3d 93, 109 (2d Cir. 2009).

2

Here, Boruch was alleged to have entered into an agreement to obstruct the function of the Internal Revenue Service ("IRS") by conducting cash transactions in excess of $10,000 without filing currency transaction reports ("CTRs") with the IRS as required by law. See 18 U.S.C. § 1956(a)(1)(B)(ii). To sustain a conspiracy conviction, "the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice." In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 93, 113 (2d Cir. 2008) (internal quotation marks and alterations omitted). Moreover, because "a conspiracy by its very nature is a secretive operation," United States v. Santos, 541 F.3d 63, 70 (2d Cir. 2008) (internal quotation marks omitted), a defendant's agreement to join in such a scheme can reasonably be inferred from circumstantial evidence, see In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d at 113.

Boruch maintains that the evidence supporting his conviction is insufficient as a matter of law because his two alleged coconspirators testified that they were unfamiliar with CTRs and sought to conceal from Boruch the illegal source of the cash that, for a fee, Boruch converted into WebMoney, a form of digital currency ideal for maintaining user anonymity. Boruch's knowledge of the alleged source of the cash at issue was not a required element of a § 371 conspiracy to avoid CTR reporting and, thus, is irrelevant to our sufficiency review. See United States v. MacPherson, 424 F.3d 183, 189 (2d Cir. 2005).[1] More to the point, circumstantial evidence was sufficient to prove a tacit

_____

[1] No different conclusion is warranted because Boruch was acquitted of conspiracy to

agreement among the conspirators to conduct cash transactions in excess of $10,000 without filing the reports required by law.

First, even if the two testifying coconspirators were not familiar with the term "CTR," all three conspirators were aware of the need to report cash transactions over $10,000 to the IRS. Boruch, as the Anti-Money Laundering Policy Compliance Officer of his WebMoney business, was undoubtedly aware of the reporting requirement; indeed, he stated to a cooperating witness that the company was not subject to that requirement because it did not regularly process transactions in excess of $10,000. Meanwhile, coconspirator Rakushchynets testified that he knew from his previous operation of a Western Union business that "deposits over 10,000[ must be] report[ed] to the IRS." Trial Tr. 211:24–25, App. 86. And coconspirator Biltse testified that for transactions "[o]ver 10,000[,] information goes to [the] IRS." Id. 523:21–21, App. 122.

Second, the jury was entitled to consider the clandestine nature of Boruch's relationship with Rakushchynets as circumstantial evidence of these conspirators' criminal agreement to avoid required reporting. See United States v. Zambrano, 776 F.2d 1091, 1096 (2d Cir. 1985) (observing that defendant "conducted business at midnight in parking lots" and engaged in other secretive behavior in rejecting sufficiency challenge to conspiracy conviction). For instance, the two men never met in Boruch's office. Instead,

---

commit money laundering. See United States v. Acosta, 17 F.3d 538, 545 (2d Cir. 1994) ("The review of the legal sufficiency of the evidence with respect to one count should be independent of the jury's determination that the evidence on another count was insufficient to meet the government's burden of persuasion.").

4

Rakushchynets provided Boruch with large boxes of cash, frequently containing tens of thousands of dollars, most often in cars parked on various streets in Queens and Brooklyn. Further, Boruch never asked Rakushchynets his last name or for identification, nor did Boruch ever provide a receipt for their transactions. Moreover, in online exchanges, Boruch specifically requested that Rakushchynets wire him $9,800—conspicuously just below the $10,000 CTR threshold—which prompted Rakushchynets to express hesitation at using a bank account, a concern Boruch understood. Even if a transferring institution would not itself be required to report a $9,800 transaction, a jury could reasonably infer from Boruch's request and Rakushchynets's response that the two men shared a common aim to avoid the reporting requirements that applied to their transfer of hundreds of thousands of dollars.

Third, and as the district court noted in denying Boruch's Rule 29 motion, "most convincingly, [Boruch] did not file a single CTR" in connection with the hundreds of thousands of dollars in cash that he received or from the numerous WebMoney transactions he performed for Rakushchynets and Biltse. See United States v. Boruch, No. S1 08 Cr. 820 (GBD), 2011 WL 5039778, at *4 (S.D.N.Y. Oct. 21, 2011).

To be sure, Boruch was free to argue to the jury that the lack of direct discussion among the conspirators should leave it with a reasonable doubt as to his mens rea. Nevertheless, on the totality of the circumstances, we cannot conclude that no reasonable jury could have found him guilty as a knowing and intentional participant in the charged

5

conspiracy to defraud. We therefore reject Boruch's challenge to the sufficiency of the evidence supporting his conviction.

2.     Venue

Boruch's venue challenge to his prosecution in the Southern District of New York merits little discussion. Even if his participation in the conspiracy occurred only in Brooklyn and Queens, a jury could conclude by the lesser preponderance standard applicable to venue, see United States v. Davis, 689 F.3d 179, 185 (2d Cir. 2012), that his coconspirators' overt acts in Manhattan procuring the money to be transferred were reasonably foreseeable to Boruch, see United States v. Tzolov, 642 F.3d 314, 319–20 (2d Cir. 2011) (stating that venue may be grounded in any act performed by any conspirator for purpose of accomplishing object of conspiracy). Even if the theft of the money from ATMs in Manhattan was a distinct conspiracy, its transportation from that borough to Brooklyn and Queens for transfer out of the United States was a necessary step in the challenged conspiracy sufficient to confer venue in the Southern District. See United States v. Ramirez-Amaya, 812 F.2d 813, 816 (2d Cir. 1987) (recognizing flight with contraband "over the Narrows, a body of water that lies within the joint jurisdiction of the Southern and Eastern Districts of New York," sufficient to confer venue in Southern District).

Moreover, the law does not require proof that Boruch had actual knowledge of overt acts in Manhattan to support venue in the Southern District. The proximity of Manhattan

6

to Brooklyn and Queens and the conspirators' transfer of hundreds of thousands of dollars in cash admitted a preponderance finding that Boruch could reasonably have foreseen that his coconspirators transported at least some of the money at issue to Brooklyn and Queens from Manhattan.  See United States v. Davis, 689 F.3d at 188–89 (noting proximity of Long Island robbery target to Southern District of New York, combined with coconspirators' prior robberies of drug dealer in the Bronx, to support venue in Southern District based upon foreseeable effect on commerce in that district).

Accordingly, Boruch's venue challenge fails on the merits.

We have considered defendant's remaining arguments and conclude that they too are without merit.   We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7